UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

COLSON JEAN-LOUIS, et al.,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants.

------------------------------------------------------------------- x

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS ARKHURST, HENRY, MITTON, FREDERICK, DUNBAR, COLON AND PETTY**

16 Civ. 5275 (PKC)

JURY TRIAL DEMANDED

Defendants Arkhurst, Henry, Mitton, Frederick, Dunbar, Colon and Petty, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the First Amended Complaint, respectfully allege, upon information and belief, as follows:

**AS TO "NATURE OF THE ACTION"**

1. Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

**AS TO "JURISDICTION AND VENUE"**

2. Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiffs purport to proceed as stated therein.

3. Deny the allegations set forth in paragraph "3" of the Amended Complaint except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiffs purport to base venue as stated therein.

**AS TO "JURY DEMAND"**

5. Paragraph "5" of the Amended Complaint is a demand for a jury trial, not an averment of fact, and accordingly no response is required.

**AS TO "PARTIES"**

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint, except admit that on or about May 21, 2015, plaintiffs Jean-Louis, Knibbs, Morris, Massey, Pena, Perez, Rodney, Wilson, Whichard, Williams, Styles, Haywood, Hopkins, Jacquet, Agosto, Banks, Blaine, Borgella and Boderick were in the custody of the New York City Department of Correction ("DOC") and were housed at Rikers Island.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and DOC.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that plaintiffs purport to name defendants to this action as stated therein, and that on or about May 21, 2015, the date of the alleged incident, defendants Arkhurst, Henry, Mitton, Frederick, Dunbar, Colon, Petty, Santana and Abel were employed by the City of New York as correction officers, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the unidentified John/Jane Doe defendants.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

**AS TO "STATEMENT OF FACTS"**

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that on or about May 21, 2015, plaintiffs Jean-Louis, Knibbs, Morris, Massey, Pena, Perez, Rodney, Wilson, Whichard, Williams, Styles, Haywood, Hopkins, Jacquet, Agosto, Banks, Blaine, Borgella and Boderick were in the custody of DOC and were housed at the Anna M. Kross Center ("A.M.K.C.").

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint, except admit that prior to May 21, 2015, there was a report of a contraband cellular phone within A.M.K.C.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint, except admit that there are cells on each side of the housing unit, and that the cells are inhabited by one inmate.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that on or about May 21, 2015, the Emergency Services Unit/Rapid Response Team ("ESU/RRT") conducted a search of housing area Quad Lower 11 at A.M.K.C.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint, except admit that plaintiff Borgella was the first inmate to be extracted from his cell.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning how plaintiffs purportedly felt.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint, except admit that on or about May 21, 2015, plaintiffs Jean-Louis, Knibbs, Morris, Massey, Pena, Perez, Rodney, Wilson, Whichard, Williams, Styles, Haywood, Hopkins, Jacquet, Agosto, Banks, Blaine, Borgella and Boderick were transported from the housing area to the facility clinic.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint, except admit that subsequent to the alleged incident, some plaintiffs were returned to their housing unit and some plaintiffs were transferred to another facility.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint, except admit that the alleged cellular device was not located in a cell assigned to plaintiffs.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Amended Complaint, except admit that subsequent to the alleged incident, some plaintiffs were returned to their housing unit and some plaintiffs were transferred to another facility.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Amended Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint, except admit that documents purporting to be Notices of Claim were received by the Comptroller's Office for plaintiffs Morris and Styles on or about June 22, 2015, plaintiff Knibbs

on or about June 27, 2015, plaintiff Blaine on or about August 1, 2015, plaintiffs Perez, Massey, Rodney, Whichard, Williams, Hopkins, Jacquet, Agosto, Banks, Borgella, Boderick and Pena on or about August 5, 2015, plaintiff Wilson on or about August 6, 2015, and plaintiff Haywood on or about August 7, 2015.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Amended Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint, except admit that Report and Notice of Infraction reports were issued for some plaintiffs.

51. Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint, except admit that the Hearing Report and Notice of Disciplinary Disposition for plaintiffs Knibbs and Blaine was completed by Captain Shannon, Shield No. 1628, and includes a notation stating, "Details of incident vague," and that a Report and Notice of Infraction for plaintiffs Knibbs, Pena and Blaine was completed by Captain Henry, Shield No. 978.

56. Deny the allegations set forth in paragraph "56" of the Amended Complaint, except admit that the Hearing Report and Notice of Disciplinary Disposition for plaintiffs Knibbs and Blaine includes a notation stating, "Can be redrawn; staff who witnessed and/or gave orders not identified; supporting documentation omitted."

57. Deny the allegations set forth in paragraph "57" of the Amended Complaint, except admit that the names of defendants Colon, Henry, Arkhurst and Mitton appear on paperwork related to the alleged May 21, 2015 incident.

58. Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the Amended Complaint, except admit that the Hearing Report and Notice of Disciplinary Disposition for plaintiffs Massey, Wilson and Whichard was completed by defendant Captain Petty, Shield No. 1626.

61. Deny the allegations set forth in paragraph "61" of the Amended Complaint, except admit that the Pre-Hearing Detention Report and Notice of Pre-Hearing Detention of plaintiffs Jean-Louis, Norris, Knibbs, Haywood, Morris and Blaine were prepared by defendant Captain Frederick, Shield No. 1387, and indicates that the Tour Commander was defendant ADW Dunbar, Shield No. 1041.

62. Deny the allegations set forth in paragraph "62" of the Amended Complaint.

63. Deny the allegations set forth in paragraph "63" of the Amended Complaint.

64. Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the Amended Complaint, and respectfully refer the Court to the new reports that plaintiffs purport to cite.

67. Deny the allegations set forth in paragraph "67" of the Amended Complaint.

68. Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69. Deny the allegations set forth in paragraph "69" of the Amended Complaint to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

70. Deny the allegations set forth in paragraph "70" of the Amended Complaint to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

71. Deny the allegations set forth in paragraph "71" of the Amended Complaint to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

72. Deny the allegations set forth in paragraph "72" of the Amended Complaint to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

73. Deny the allegations set forth in paragraph "73" of the Amended Complaint.

**AS TO "FIRST CLAIM"**

74. In response to the allegations set forth in paragraph "74" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77. Deny the allegations set forth in paragraph "77" of the Amended Complaint.

**AS TO "SECOND CLAIM"**

78. In response to the allegations set forth in paragraph "78" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the Amended Complaint.

80. Deny the allegations set forth in paragraph "80" of the Amended Complaint.

81. Deny the allegations set forth in paragraph "81" of the Amended Complaint.

82. Deny the allegations set forth in paragraph "82" of the Amended Complaint.

83. Deny the allegations set forth in paragraph "83" of the Amended Complaint.

**AS TO "THIRD CLAIM"**

84. In response to the allegations set forth in paragraph "84" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the Amended Complaint.

86. Deny the allegations set forth in paragraph "86" of the Amended Complaint.

87. Deny the allegations set forth in paragraph "87" of the Amended Complaint.

88. Deny the allegations set forth in paragraph "88" of the Amended Complaint.

89. Deny the allegations set forth in paragraph "89" of the Amended Complaint.

**AS TO "FOURTH CLAIM"**

90. In response to the allegations set forth in paragraph "90" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

91. Deny the allegations set forth in paragraph "91" of the Amended Complaint.

92. Deny the allegations set forth in paragraph "92" of the Amended Complaint to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

93. Deny the allegations set forth in paragraph "93" of the Amended Complaint.

94. Deny the allegations set forth in paragraph "94" of the Amended Complaint

**AS TO "FIFTH CLAIM"**

95. In response to the allegations set forth in paragraph "95" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

96. Deny the allegations set forth in paragraph "96" of the Amended Complaint.

97. Deny the allegations set forth in paragraph "97" of the Amended Complaint.

98. Deny the allegations set forth in paragraph "98" of the Amended Complaint.

99. Deny the allegations set forth in paragraph "99" of the Amended Complaint.

**AS TO "SIXTH CLAIM"**

100. In response to the allegations set forth in paragraph "100" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

101. Deny the allegations set forth in paragraph "101" of the Amended Complaint.

102. Deny the allegations set forth in paragraph "102" of the Amended Complaint.

103. Deny the allegations set forth in paragraph "103" of the Amended Complaint.

**AS TO "SEVENTH CLAIM"**

104. In response to the allegations set forth in paragraph "104" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

105. Deny the allegations set forth in paragraph "105" of the Amended Complaint.

106. Deny the allegations set forth in paragraph "106" of the Amended Complaint.

107. Deny the allegations set forth in paragraph "107" of the Amended Complaint.

108. Deny the allegations set forth in paragraph "108" of the Amended Complaint.

**AS TO "EIGHTH CLAIM"**

109. In response to the allegations set forth in paragraph "109" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

110. Deny the allegations set forth in paragraph "110" of the Amended Complaint to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

111. Deny the allegations set forth in paragraph "111" of the Amended Complaint.

112. Deny the allegations set forth in paragraph "112" of the Amended Complaint.

113. Deny the allegations set forth in paragraph "113" of the Amended Complaint.

**AS TO SECOND "EIGHTH CLAIM"**

114. In response to the allegations set forth in paragraph "114" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

115. Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "115" of the Amended Complaint, except admit that documents purporting to be Notices of Claim were received by the Comptroller's Office for plaintiffs Morris and Styles on or about June 22, 2015, plaintiff Knibbs on or about June 27, 2015, plaintiff Blaine on or about August 1, 2015, plaintiffs Perez, Massey, Rodney, Whichard, Williams, Hopkins, Jacquet, Agosto, Banks, Borgella, Boderick and Pena on or about August 5, 2015, plaintiff Wilson on or about August 6, 2015, and plaintiff Haywood on or about August 7, 2015.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Amended Complaint.

117. Deny the allegations set forth in paragraph "117" of the Amended Complaint to the extent it sets forth averments of fact; insofar as it sets forth conclusions of law, no response is required.

118. Deny the allegations set forth in paragraph "118" of the Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

119. The First Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

120. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

121. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

122. Defendants Arkhurst, Henry, Mitton, Frederick, Dunbar, Colon and Petty have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

123. At all times relevant to the acts alleged in the First Amended Complaint, defendants Arkhurst, Henry, Mitton, Frederick, Dunbar, Colon and Petty acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants are entitled to governmental immunity from liability on plaintiff's state law claims.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

124. To the extent that the First Amended Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-e, *et seq*.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

125. Plaintiffs' action may be barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

126. Plaintiffs' claims may be barred, in whole or in part, by the doctrine of laches, waiver and estoppel.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

127. Plaintiffs' claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

128. Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

129. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

130. Plaintiffs provoked any incident.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

131. Plaintiffs may have failed to mitigate damages.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:**

132. Plaintiffs' claims may be barred, in whole or in part, by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, for failure to exhaust his administrative remedies.

**WHEREFORE,** defendants Arkhurst, Henry, Mitton, Frederick, Dunbar, Colon and Petty request judgment dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 1, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Arkhurst, Henry, Mitton, Frederick, Dunbar, Colon and Petty*
100 Church Street
New York, New York 10007
(212) 356-5055

By: /s/
Eviana Englert
*Assistant Corporation Counsel*
Special Federal Litigation

To: **BY ECF**
Ryan Michael Lozar, Esq.
Law Firm of Ryan Lozar
*Attorney for Plaintiffs*

16 Civ. 5275 (PKC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLSON JEAN-LOUIS, et al.,

Plaintiffs,

-against-

CITY OF NEW YORK, et al.,

Defendants

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS ARKHURST, HENRY, MITTON, FREDERICK, DUNBAR, COLON and PETTY**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*100 Church Street*
*New York, New York 10007*
*Of Counsel: Eviana Englert*
*Tel: (212) 356-5055*

*Due and timely service is hereby admitted.*

*New York, N.Y. .......................................................... ,2017*

*............................................................................... Esq.*

*Attorney for .........................................................................*