

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ELIZABETH CONNELLY**
*Senior Counsel*
Phone: (212) 356-2547
Fax: (212) 356-3509
econnelly@law.nyc.gov

November 15, 2018

**BY ECF**
Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  <u>Colson Jean-Louis v. City of New York, et al.</u>, 16 cv 5275(PKC)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing the defendants in the above-referenced matter. Pursuant to the Court's November 5, 2018 Order, defendants respond to plaintiffs' proposed order and affidavit reflecting their calculations.

      Defendants are fine with the amount requested by plaintiffs' in the Proposed Order of $120,316.47 for attorneys' fees and expenses. However, for accuracy's sake, defendants bring a couple of discrepancies to the Court's attention. First, in cases governed by §1997e(d), district courts must apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney's fees. <u>Murphy v. Smith</u>, 138 S. Ct. 784, 785 (2018). Applying 25% to the $13,013.00 judgment (thirteen incarcerated plaintiffs who accepted $1,001 R. 68's) equals $3,253.25. Plaintiffs applied the 25% amount to the 150% judgment cap amount of $19,519.50 which created a $1,626.62 discrepancy in the defendants' favor.

      Second, the Court's opinion mandated precise fractions – not percentages - to determine which hours were subject to the PLRA for Brownstein and Munar. Defendants respectfully submit that the fractions given by the Court should not be rounded into a percentage

to calculate the hours. The rounded percentages are more favorable to the plaintiffs.[1] While defendants understand that the award must be payable in dollars and cents, the final dollar amount is the only number that should be subject to rounding. Plaintiffs' rounded percentages instead of the mandated precise fractions created a $203.34 difference in non-PLRA fees in the plaintiffs' favor. Accepting Defendants' corrections, the amount for fees and costs totals $121,739.75.

      Most importantly, defendants note that plaintiffs' Proposed Order is correct in that the judgment must be entered in plaintiffs' names. The fees and expenses award itself is paid directly to plaintiffs – not plaintiffs' counsel.[2] See Venegas v. Mitchell, 495 U.S. 82, 86-87, 110 S. Ct. 1679, 109 L. Ed. 2d 74 (1990). Pursuant to Venegas, the entitlement to a § 1988 award belongs to the plaintiffs. Finally, to be clear, pursuant to the terms of the R. 68's, the judgments are to be taken only against the City and not against the individual officers.

      Defendants thank the Court for its attention to this matter.

                            Respectfully submitted,

                            /s/

                            Elizabeth Connelly
                            Senior Counsel
                            Special Federal Litigation Division

---

[1] Brownstein's hours for Period 1: 13/18 x 27.8 hours x $198 = $3,975.40 (versus Brownstein's proposed $3,960.00). 5/18 x 27.8 hours x $385 = $2,973.05 (versus Brownstein's proposed $3,003.00).
Brownstein's hours for Period 2: 13/19 x 66.5 x $198 = $9,009.00 (versus Brownstein's proposed $8,949.60). 6/19 x 66.5 x $385 = $8,085.00 (versus Brownstein's proposed $8,200.50).
Brownstein's total non-PLRA fees: $11,058.05 versus $11,203.50 (Brownstein's proposed amount with rounding)
Munar's hours: 13/19 x 50 x $198 = $6,773.68 (versus Munar's proposed $6,732.00). 6/19 x 50 x $275 = $4,342.11 (versus Munar's proposed $4,400.00).

[2] This straightforward reading of § 1988 accords with the view held by the majority of the Courts of Appeals. See e.g., Jonas v. Stack, 758 F.2d 567, 570, n. 7 (CA11 1985) ("Strict conformity to the language of [§ 1988] would require that the [fee] application be made by the attorney in the name of his client, the prevailing party. We consider this to be the procedure of choice, since it ensures that awards made under the Act compensate their intended beneficiaries"); Brown v. General Motors Corp., 722 F.2d 1009, 1011 (CA2 1983) ("Under [42 U. S. C. § 1988] it is the prevailing party rather than the lawyer who is entitled to attorney's fees"); Cooper v. Singer, 719 F.2d 1496, 1506-1507 (CA10 1983) (distinguishing between client's and counsel's entitlement to fees in the course of holding that "if the *client's* section 1988 fee award . . . is less than the amount owed to the attorney under the contingent fee agreement, then the lawyer will be expected to reduce his fee to the amount awarded by the courts" (emphasis added)).

cc: **<u>BY ECF</u>**
Ryan Lozar, Esq.
Ilissa Brownstein, Esq.
Juliene Drei Munar, Esq.
*Attorneys for Plaintiffs*